IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JUAN JORGE SANCHEZ           TDCJ-CID #577512 | § § § | |
| V. | § § | C.A. NO. C-06-099 |
| GARRET, SHAW, AND BURWELL PAROLE COMMITTEE, ET AL. | § § § | |

**MEMORANDUM OPINION DENYING PLAINTIFF'S APPLICATION
TO PROCEED *IN FORMA PAUPERIS*
DISMISSING COMPLAINT**

Plaintiff, a Texas state prisoner, filed this civil rights action on February 24, 2006 (D.E. 1), and sought leave to proceed *in forma pauperis* (D.E. 2). For the reasons stated herein, plaintiff's application to proceed *in forma pauperis* is denied, and plaintiff's claims are dismissed without prejudice.

**Three strikes rule**

Prisoner civil rights actions are subject to the provisions of the Prison Litigation Reform Act ("PLRA), including the three strikes rule, 28 U.S.C. § 1915(g). The three strikes rule provides that a prisoner who has had, while incarcerated, three or more actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted is prohibited from bringing any more actions or appeals *in forma pauperis*. 28 U.S.C. § 1915(g); Banos v. O'Guin, 144 F.3d 883, 884 (5th Cir. 1998); Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996). The three strikes rule provides an exception permitting prisoners who are under imminent danger of physical harm to proceed without prepayment of the filing fee. Id.

## Analysis

Plaintiff has had at least three prior actions dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted.  See Sanchez v. U.S. District Court, et al., 5:98cv196 (W.D. Tex. Apr. 15, 1998); Sanchez v. Biery, et al., No. 98-50423(5th Cir. Aug. 25, 1999); Sanchez v. Putska, No. 95-20917 (5th Cir. Mar. 1, 1996); Sanchez v. West, No. 97-40940 (5th Cir. Jun. 16, 1998); Sanchez v. Perez, et al., 99-40543 (5th Cir. Dec. 15, 1999); and Sanchez v. Cockrell, 5:01cv739 (W.D. Tex. Oct. 9, 2001).  Plaintiff is now barred from filing a civil rights suit unless he is in imminent danger of physical injury.

In this action, plaintiff complains that he has been unfairly denied parole.  He challenges his classification as an aggravated offender, arguing that the jury did not did not make an affirmative finding that he used a weapon during the commission of the offense.  He also challenges the four-year set-off, that is, the next time he will be considered for parole, arguing that it is a "prejudicial collusion" between the judge, prosecutor, TDCJ-CID officials , and the Parole Board, to obstruct and hinder the parole process and to deprive him of the equal protection of the law.

Plaintiff has not alleged any facts to suggest that he is in imminent danger of physical injury.

## Conclusion

Plaintiff has lost the privilege of proceeding *in forma pauperis* and he has failed to allege that he is in imminent danger of physical harm.  Accordingly, plaintiff's application for leave to proceed *in forma pauperis* (D.E. 2) is denied and that this lawsuit is dismissed without prejudice.  Plaintiff

may move to reinstate the lawsuit within thirty days of the date of this order, but only if the $250.00 filing fee[1] is paid simultaneously with the motion to reinstate.

ORDERED 23rd day of May, 2006.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff's lawsuit was filed before the April 9, 2006, filing fee increase to $350.00.